

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

**ATTORNEY GENERAL**

AUSTIN 11, TEXAS    February 9, 1939

Hon. Cecil H. Tate
County Attorney
Baylor County
Muleshoe, Texas

Dear Sir:

> Opinion Number O-240
> Re: Whether an estate of a deceased
> · father is liable to county and
> State for expenses incurred by
> son in an asylum of the State?

     Your request for an opinion on the above stated question has been received by this office.

     House Bill No. 326, ch. 52 of the General and Special Laws passed by the 45th Legislature at its regular session, the same being Article 3196a, reads as follows:

"Section 1. Patients admitted to the State hospitals and State psychopathic hospitals shall be of two classes, to wit:

Indigent patients;
Non-indigent patients;

Indigent patients are those who possess no property of any kind nor have anyone legally responsible for their support, and who are unable to reimburse the State. This class shall be supported at the expense of the State.

Non-indigent patients are those who possess some property out of which the State may be reimbursed, or who have someone legally liable for their support. This class shall be kept and maintained at the expense of the State, as in the first instance, but in such cases the State shall have the right to be reimbursed for the support, maintenance, and treatment of such patients.

"Section 2. Where the patient has no sufficient estate of his own, he shall be maintained at the expense:
        Of the husband or wife of such person, if able to do so;
        Of the father or mother of such person, if able to do so.

"Section 3. The State Board of Control is authorized to demand and conduct investigations in the County Court to determine whether or not a patient is possessed of or entitled to property and/ or whether or not some other person is legally liable for his support, maintenance, and

treatment and to pay therefor, and to have citation issued and witnesses summoned to be heard on said investigation.

"Section 4. The State Board of Control, directly or through an authorized agent or agents, may make contracts fixing the price for the support, maintenance, and treatment of patients in any State hospital or psychopathic hospital at a sum not to exceed the cost of same or for such part thereof as such respective patient, his relatives or guardian of his estate may be able to and agrees to pay, and binding the persons making such contracts to payment thereunder.

"Section 5. Upon the written request of the State Board of Control the County or District Attorney, or in case of the refusal or inability of both to act, the Attorney General, shall represent the State in filing a claim in Probate Court or a petition in a court of competent jurisdiction, wherein the guardian of such patient and/or other person legally liable for his support, may be cited to appear then and there to show cause why the Statr should not have judgment against him or them for the amount due it for the support, maintanance, and treatment of such patient; and, upon sufficient showing, judgment may be entered against such guardian or other persons for the amount found to be due the State, which judgment may be enforced as in other cases. A verified acccunt, sworn to by the superintendent of the respective hospitals or psychopathic hospitals wherein such patient is being treated, or has been treated, as to the amount due shall be sufficient evidence to authorize the court to render judgment therein. The County or District Attorney representing the State shall be entitled to a commission of ten (10) per cent of the amount collected. All moneys so collected, less such commission, shall be, by the said attorney, paid to the State Board of Control, which shall receive and receipt for the same and shall use the same for the maintenance and improvement of said institution or institutions in which said patient shall have been confined.

"Section 6. That Section 4, Chapter 174, Acts, Regular Session of the Thirty-ninth Legislature, being Articles 3189, Revised Civil Statutes of Texas of 1925, and all laws and parts of laws in conflict with this Act, be and they are hereby expressly repealed. There is, however, specifically reserved and preserved to the State any and all rights and causes of action that accrued or arose under and by vitrue of said Section 4, Chapter 174, Acts, Regular Session, Thirty-ninth Legislature, being Article 3189, Revised Civil Statutes of Texas of 1925, or any other laws repealed by this Act.

"Section 7. If any section, sentence, clause, or part of this Act shall, for any reason, be held to be invalid, such decision or holding shall not affect the remaining portions of this Act, and it is hereby declared to be the intention of the Legislature to have passed each sentence, section, clause, or part thereof irrespective of the fact that any other sentence, section, clause, or part thereof may be declared invalid.

"Section 8. The fact that the present statutes on this subject are wholly inadequate, uncertain, vague, and indefinite and that our higher courts have said that their interpretation as to their intention is problematic, and the further fact that thousands of dollars are now being withheld from the State, by patients and those liable for their support, that should be paid to the State, create an emergency and an imperative public necessity, requiring that the Constitutional Rule that bills be read on three several days be suspended, and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

In view of the foregoing statute, you are respectfully advised that it is the opinion of this Department that the above quoted article provides that the board of control may contract with relatives or the estates of the demented patients, fixing the price for the support of the patients at a sum not to exceed the actual cost of such patient, or for such part thereof as such relative or estate may be able and agree to pay and that the board is authorized to demand an investigation to determine whether or not a patient is possessed or entitled to property and whether or not some other person is liable for his support and to pay therefor and providing a mode of procedure in the County Court to determine whether or not a patient is possessed of and entitled to property and whether or not some other person is legally liable for his support, maintenance and treatment and to pay therefor. By the aforementioned statute, the State has the right of contract for reimbursement or judicial ascertainment through the County Court at the instance of the board of control. There is nothing in your letter or the brief submitted therewith showing that the State did contract for the liability of such demented person or establish that liability through the process prescribed in Article 3199a, and if the State did not assert or pursue these remedies in this case, it follows that the estate of the deceased father of the insane person is not liable to the County and State for expenses incurred in the asylum.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant

AW:AW:egw